IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

SHANNON L. MAREK,                                       Civil No. 1:11-cv-00354-CL

        Plaintiff,                                    **AMENDED** REPORT AND RECOMMENDATION

        v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

        Defendant.

CLARKE, Magistrate Judge.

Plaintiff Shannon L. Marek brings this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's applications for disability insurance benefits and supplemental security income benefits. Defendant filed the certified transcript of social security administrative record on August 30, 2011 [#9]. Before filing her opening brief, plaintiff moved to amend and correct the transcript [#20]. Defendant opposes plaintiff's motion. For the reasons explained, plaintiff's motion should be denied.

//

Amended Report and Recommendation - Page 1

## DISCUSSION

Plaintiff requested review of the Administrative Law Judge's (ALJ) September 2, 2009, adverse decision (Tr. 11-23) on September 3, 2009. (Tr. 8-10.) On December 6, 2010, the Social Security Administration sent plaintiff's counsel a recording requested by her and informed counsel she could send more information – more evidence or a statement about the facts and law in the case – within 25 days. (Tr. 4-7.) The letter advised that "Any more evidence must be new *and* material to the issues" considered in the hearing decision. (Tr. 4.) Under the heading, "**We Will Not Act for 25 Days**," the letter stated that, if counsel had more information, it must be sent within 25 days and that "We will not allow more time to send information except for very good reasons." (Tr. 4.) It sets out the mailing address and FAX number of the Appeals Council where more information can be sent. Counsel states in a declaration in support of the motion that "some 30 days after December 6, 2010," on January 4, 2011, she requested an extension through January 31 to file her brief. She states she received no response to the request, but that she has observed "these requests are made and granted routinely." (Gabin Decl. ¶ 6.) The request for extension is not attached to counsel's declaration. Counsel states she "filed" additional materials--plaintiff's brief addressed to the Appeals Council, Ex. A, together with medical exhibits B, C, and D--on January 24, 2011. (Gabin Decl. ¶ 7; Mot. Exs. A-D.) The Appeals Council denied review on March 2, 2011. (Tr. 1-3.) As discussed below, there is no indication in the Appeals Council's notice of action that they had received or had considered any new material from plaintiff in denying review.

In the Ninth Circuit, in reviewing the Commissioner's finding of not disabled, a district court must consider any additional material submitted to the Appeals Council as part of the

Amended Report and Recommendation - Page 2

administrative record where the Appeals Council has considered the new materials submitted to it in denying review. Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993); Harman v. Apfel, 211 F.3d 1172, 1179-80 (9th Cir. 2000) ("We properly may consider the additional materials because the Appeals Council addressed them in the context of denying Appellant's request for review."); Dain v. Astrue, Civil No. 10-6104-ST, 2011 WL 2490639, at *3 (D. Or. May 23, 2011) ("A court's review of the administrative record explicitly includes review of additional evidence accepted into the record by the Appeals Council."), adopted by Order, 2011 WL 2472800 (D. Or. June 21, 2011); see 20 C.F.R. § 404.970(b) ("The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision.").

Plaintiff moves to amend and correct the transcript of the administrative record to include the additional materials which she claims was submitted to the Appeals Council on January 24, 2011. The basis of plaintiff's motion is her contention that the regulations specify only a time limit for requesting review, 20 C.F.R. § 404.968(1), and no other time limits are provided. She contends that 20 C.F.R. § 404.975 provides the Appeal Council may allow a "reasonable" opportunity to file briefs and statements about the facts and law, but does not authorize the Appeals Council to set a hard deadline and any number of days set by the Appeals Council is arbitrary.

The Court cannot agree. The Social Security Administration has been granted broad authority to promulgate regulations interpreting a complex Act. Barnhart v. Walton, 535 U.S. 212, 224-26 (2002) ("The statute's complexity, the vast number of claims that it engenders, and the consequent need for agency expertise and administrative experience lead us to read the statute

Amended Report and Recommendation - Page 3

as delegating to the Agency considerable authority to fill in, through interpretation, matters of detail related to its administration." (Citing Schweiker v. Gray Panthers, 453 U.S. 34, 43-44 (1981))). Such authority certainly allows it to interpret "a reasonable opportunity" for a claimant to file materials with the Appeals Council as provided in its regulations, 20 C.F.R. 404.975, by setting dates certain in administering requests for review.

Here, the Appeals Council advised counsel of what needed to be done to timely process Marek's request for review. The Appeals Council informed plaintiff's counsel in its December 6, 2010, letter that she "must" send more information within 25 days and they would not allow more time "except for very good reasons." (Tr. 4.) The letter stated they would not act for 25 days to give counsel the time to submit the information. The Appeals Council letter went on to state: "If we do not hear from you within 25 days, we will assume that you do not want to send us more information. We will then proceed with our action based on the record we have." (Tr. 5.) Counsel recognized the deadline set for submission of more information because she states in her declaration she requested an extension of time. She admits in her declaration that after the 25 day period had passed, she requested an extension of time to submit plaintiff's brief, and that she did not hear any response from the Appeals Council. There is no indication in the record that any reasons were advanced for the late request for extension or for allowing additional time to file additional material with the Appeals Council. Counsel declares she submitted the additional information on January 24, 2011.

All indications in the record are that the Appeals Council did not consider the additional material claimed to be submitted by plaintiff's counsel. The Appeal Council's December 6, 2010, letter to plaintiff's counsel informing her she could send more information within 25 days

Amended Report and Recommendation - Page 4

also informed her that, if they did not hear from her within 25 days, they would assume she did not want to send them more information and they would proceed with their action based on the existing record. The March 2, 2011, Notice of Appeals Council Action states the Appeal Council will review a case for the reason that "We receive new and material evidence and the decision is contrary to the weight of all the evidence now in the record." (Tr. 1.) There is nothing in the Notice to indicate the Appeals Council had any new and additional evidence which they had considered in denying review. See McQuiddy v. U.S. Dep't Health & Human Servs., 888 F.2d 1047, 1048-49 (5th Cir. 1989) (per curiam) (although Appeals Council had notified claimant he could submit rebuttal evidence within 20 days, he submitted no evidence to Council or to the court; "McQuiddy had a full opportunity to present evidence beneficial to his position, and failed to do so within the prescribed reasonable time limits [and] his due process claim is without merit."); Perez v. Mathews, 411 F. Supp. 1276, 1279-80 (E.D. Cal. 1976) (regarding claimant's contention Appeals Council failed to consider all of the evidence, the record showed he had received two extensions of time to submit additional information; "When no evidence was submitted within the time allotted, and when plaintiff failed to seek an additional extension, the Appeals Council acted properly when it decided plaintiff's claim."). Accordingly, under the rationale of Ramirez and Harman, supra, this Court cannot consider the additional material in the exhibits offered by plaintiff in reviewing the Commissioner's decision. See McCune v. Astrue, No. 10-cv-5074RJB, 2011 WL 149336 (W.D. Wash. Jan. 18, 2011) (new evidence dated after ALJ decision submitted to Appeals Council; evidence looked at by Council but not considered by them in denying review and, therefore, new evidence could not be considered properly by court

Amended Report and Recommendation - Page 5

(citing Ramirez and Harman)). Plaintiff's motion to correct and amend the transcript to include these exhibits on the ground that they were before the Appeals Council should be denied.

Defendant suggests this Court may remand this case for further administrative proceedings pursuant to sentence six of 42 U.S.C. § 405(g). Plaintiff did not file any reply brief to address this issue.

In order to prevail on a sentence six remand, plaintiff must demonstrate that the evidence is new and material, and that she had good cause for not producing the evidence earlier. Id.; Mayes v. Massanari, 276 F.3d 453, 462-63 (9th Cir. 2001); Sanchez v. Sec'y Health & Human Servs., 812 F.2d 509, 511-12 (9th Cir. 1987).

To be material, the new evidence must be probative of plaintiff's condition at the relevant time–"at or before the disability hearing." Sanchez, 812 F.2d at 511 (citing 42 U.S.C. § 416(i)(2)(G)). Plaintiff must also show there is a "'reasonable possibility'" the new evidence would have changed the outcome of the ALJ's decision. Mayes, 276 F.3d at 462 (quoting Booz v. Sec'y Health & Human Servs., 734 F.2d 1378, 1380-81 (9th Cir. 1984)). Here, with the exception of a laboratory report, the new evidence proffered by plaintiff is dated after the ALJ's September 2, 2009, decision. Plaintiff has not demonstrated that the new evidence is material to the relevant period or that it would have changed the ALJ's decision.

The good cause requirement is met if there is new information that becomes available after the Commissioner's final decision and the claimant could not have obtained the new evidence at the time of the administrative proceedings. Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985); Mayes, 276 F.3d at 463. "A claimant does not meet the good cause requirement by

Amended Report and Recommendation - Page 6

merely obtaining a more favorable report once his or her claim has been denied." Mayes, 276 F.3d at 463. Plaintiff offers no explanation why the proffered evidence was not produced in the earlier proceeding, either in her motion or in any reply to defendant's response.

Plaintiff does not meet her burden for a sentence six remand for consideration by the Commissioner of the new evidence.

## RECOMMENDATION

Based on the foregoing, it is recommended that plaintiff's motion to amend and correct the transcript [#20] be denied.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by April 17, 2012. If objections are filed, any response to the objections are due by May 4, 2012,* see *Federal Rules of Civil Procedure 72 and 6.*

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

//

//

Amended Report and Recommendation - Page 7

DATED this 29 day of March 2012.

MARK D. CLARKE
United States Magistrate Judge