## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## MEDFORD DIVISION

SHANNON L. MAREK,                    )
                                     )
            Plaintiff,               )       Case No. 1:11-cv-00354-CL
                                     )
    v.                               )       **REPORT AND RECOMMENDATION**
                                     )
CAROLYN L. COLVIN,[1]                )
Commissioner of Social Security,     )
                                     )
            Defendant.               )
_____)

Richard F. McGinty, McGinty & Belcher, Attorneys. P.O. Box 12806, Salem, OR 97301.
Attorney for Plaintiff.

S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United States
Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue,
Suite 600, Portland, OR 97204-2902; Nancy A. Mishalanie, Special Assistant United States
Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue,
Suite 2900 M/S 221A, Seattle, WA 98104-7075. Attorneys for Defendant.

_____

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.
Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted
for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by
reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405.

**MARK D. CLARKE, United States Magistrate Judge**.

Plaintiff Shannon Marek ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). Because the Commissioner's decision is supported by substantial evidence, the decision should be AFFIRMED.

## BACKGROUND

Born in 1946, Plaintiff was a "person of advanced age" as of the alleged disability date of October 1, 2004. Tr. 103; 20 C.F.R. §§ 404.1563(e), 416.963(e). Plaintiff completed four years of college, and has past work experience as an advertising manager, medical assistant, administrative assistant, purchasing assistant, receptionist, accounting clerk, computer salesperson, and vocational instructor. Tr. 27, 47-48, 135-36, 140, 165-72, 232.

Plaintiff filed applications for SSI and DIB on June 26, 2006, alleging disability due to biliary cirrhosis, a heart condition, and depression. Tr. 14, 134.   The Commissioner denied Plaintiff's application initially and upon reconsideration, and she requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 14. After an administrative hearing, held on May 19, 2009, the ALJ found Plaintiff not to be disabled. Tr. 14-23. Plaintiff's subsequent request for review was denied by the Appeals Council on March 2, 2011, making the ALJ's decision the final Agency decision. Tr. 1-3; 20 C.F.R. §§ 404.981, 416.1481, 422.210 (2012). Plaintiff now seeks judicial review of that decision.

# DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 404.1520 (DIB); 20 C.F.R. § 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). The five-step sequential process asks the following series of questions:

1.  Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.  Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.  Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that

point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.      Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.      Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert,* 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett,* 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante,* 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

The ALJ performed the sequential analysis. At step one, he found that Plaintiff had not engaged in substantial gainful activity after the alleged onset date. Tr. 16. At step two, the ALJ found that Plaintiff's biliary cirrhosis, status post cervical fusion, and atrial fibrillation were severe impairments. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 18.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") and determined that Plaintiff could perform light work with the following limitations: that she cannot balance or climb ladders, ropes or scaffolds; that she can occasionally climb ramps and stairs; and that she must avoid concentrated exposure to hazards such as heights or moving machinery. Tr. 19. At step four, the ALJ found Plaintiff was capable of performing her past relevant work as an advertising manager, medical assistant, administrative assistant, purchasing assistant, receptionist, accounting clerk, computer salesperson, and vocational instructor. Tr. 22. Accordingly, the ALJ concluded that Plaintiff was not disabled. Tr. 23.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Where the evidence is susceptible to more than one rational interpretation, the

Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th

Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's

interpretation is a rational reading of the record, and this court may not substitute its judgment

for that of the Commissioner. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "However, a

reviewing court must consider the entire record as a whole and may not affirm simply by

isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th

Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation

marks omitted)). The reviewing court, however, may not affirm the Commissioner on a ground

upon which the Commissioner did not rely. *Orn,* 495 F.3d at 630; *see also Bray,* 554 F.3d

at 1226-26 (citing *SEC v. Chenery Corp.,* 332 U.S. 194, 196 (1947)).

## ANALYSIS

Plaintiff challenges the ALJ's decision, claiming that he erred by: (1) improperly

rejecting Plaintiff's subjective symptom testimony; (2) improperly evaluating the lay witness

testimony of Gina Nieuwendrop; and (3) failing to include Plaintiff's stress-related and cognitive

limitations in the RFC. The Court finds that the ALJ's conclusions were free of legal error and

supported by substantial evidence in the record, and they should be affirmed.

### Plaintiff's Credibility

Plaintiff argues that the ALJ failed to provide clear and convincing reasons for finding

her not credible. The Ninth Circuit has developed a two-step process for evaluating the

credibility of a claimant's own testimony about the severity and limiting effect of the claimant's

symptoms. *Vasquez v. Astrue,* 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ "must determine

whether the claimant has presented objective medical evidence of an underlying impairment

Page 6 – REPORT AND RECOMMENDATION

which could reasonably be expected to produce the pain or other symptoms alleged."
*Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). When doing so, the claimant "need
not show that her impairment could reasonably be expected to cause the severity of the symptom
she has alleged; she need only show that it could reasonably have caused some degree of the
symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

Second, "if the claimant meets the first test, and there is no evidence of malingering, 'the
ALJ can reject the claimant's testimony about the severity of her symptoms only by offering
specific, clear and convincing reasons for doing so." *Lingenfelter*, 504 F.3d at 1036 (quoting
*Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he
must state which pain testimony is not credible and what evidence suggests the complaints are
not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be
"sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily
discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing
*Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991) (en banc)). The ALJ's overall
credibility determination may be upheld even if not all of the ALJ's reasons for rejecting the
claimant's testimony are upheld. *Batson v. Comm'r*, 359 F.3d 1190, 1197 (9th Cir. 2004);
*Coleman v. Astue*, 423 Fed. Appx. 754, 756 (9th Cir. 2011) (although court found error in one
credibility finding, substantial evidence remained to support the ALJ's conclusions on
credibility, including claimant's failure to follow repeated medical recommendations that she
treat her pain with exercise and increased activity levels).

The ALJ may consider objective medical evidence and the claimant's treatment history,
as well as the claimant's daily activities and work record and the observations of physicians and
third parties with personal knowledge of the claimant's functional limitations. *Smolen*, 80 F.3d

at 1284. The Commissioner recommends assessing the claimant's daily activities; the location, duration, frequency, and intensity of the individual's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; and any measures other than treatment the individual uses or has used to relieve pain or other symptoms. *See* SSR 96–7p, available at 1996 WL 374186.

Further, the Ninth Circuit has said that an ALJ also "may consider . . . ordinary techniques of credibility evaluation, such as the reputation for lying, prior inconsistent statements concerning the symptoms, . . . other testimony by the claimant that appears less than candid [and] unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen*, 80 F.3d at 1284. The ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883.

Plaintiff alleged that she is unable to work due to back and neck pain, cirrhosis and atrial fibrillation. Tr. 134. She testified that she is so physically limited she is unable to do physical work such as vacuuming; that she could sit for only one hour and then needed to get up and move around for 15 to 20 minutes; and that she could only stand up for 15 to 20 minutes at a time. Tr. 19; 40-41, 43, 56-57. Plaintiff also alleged that she is unable to concentrate for more than a few minutes. Tr. 18.

The ALJ provided clear and convincing reasons for discrediting Plaintiff's testimony. First, the ALJ noted inconsistencies within Plaintiff's testimony regarding the extent of her physical limitations. Tr. 19-20. Inconsistencies within the record can be a clear and convincing

Page 8 – REPORT AND RECOMMENDATION

reason for discrediting a claimant's testimony. *See Smolen*, 80 F.3d at 1284. For example,

Plaintiff testified that she could be a passenger in a car for 3 hours at a time, contradicting her

testimony that she could sit for only one hour at a time. Tr. 19, 40-41. Plaintiff also stated that

she could stand for up to 30 minutes, contradicting her testimony that she could only stand for 15

to 20 minutes at a time. Tr. 43, 56-57. The ALJ also found Plaintiff's self-reports that she reads

frequently and plays the organ regularly inconsistent with her allegation that she is unable to

concentrate for more than a few minutes. Tr. 18, 146.

   Plaintiff's statements to Drs. Stoltzfus and Zhou also reveal a much higher level of

physical functioning than alleged in her testimony. Tr. 20, 233, 236. The ALJ "may discredit a

claimant's testimony when the claimant reports participation in everyday activities indicating

capacities that are transferable to a work setting." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th

Cir. 2012). Dr. Stoltzfus' treatment notes reveal the Plaintiff's daily activities consisted of

reading, playing the organ, talking on the phone, and visiting with friends. Tr. 17, 233. Plaintiff

also stated to Dr. Stoltzfus that she raised a flower garden and maintained her lawn with a push

mower, exercised about two hours a day, could walk 30 minutes before tiring, sit for hours, and

stay on her feet about 30 minutes before needing to sit down. Plaintiff also reported cooking,

cleaning, shopping, and driving without significant limitation. Tr. 233. These statements

regarding Plaintiff's daily activities further contradict Plaintiff's testimony that she is incapable

of doing any physical work, such as vacuuming.

   Dr. Zhou's treatment notes reveal similar inconsistencies in Plaintiff's self-assessment.

Plaintiff reported to Dr. Zhou that she could walk for about three hours, stand for three hours, sit

for four to five hours, and climb three flights of stairs. Tr. 21, 236. These activities clearly

contradict Plaintiff's claims that she is totally debilitated by her impairments. *See Molina*, 674

F.3d at 1113. Because the ALJ made specific findings of inconsistencies within the record and explained his conclusion with respect to Plaintiff's credibility based on these inconsistencies, he provided clear and convincing reasons for rejecting her testimony. *See Smolen*, 80 F.3d at 1284. The ALJ's credibility determination should be affirmed.

**Lay Witness Testimony**

Plaintiff also argues that the ALJ erred by rejecting lay testimony from her daughter, Gina Nieuwendrop. The ALJ must consider lay witness testimony. 20 C.F.R. § 404.1513(d); *Molina*, 674 F.3d at 1114. The ALJ must provide "germane reasons" when rejecting lay testimony. *Id.* The ALJ, however, is not required to address each witness "on an individualized witness-by-witness basis" and may reject lay testimony predicated upon reports of a claimant properly found not credible. *Id.*

Ms. Nieuwendrop stated that stress causes Plaintiff's heart condition to worsen, and that Plaintiff has limited concentration and memory when under stress. Tr. 163. The ALJ accepted Ms. Nieuwendrop's testimony "as descriptive of Ms. Nieuwendrop's perceptions," but gave it little weight because it was inconsistent with the objective medical evidence. Tr. 20; *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (inconsistency with medical evidence is a germane reason sufficient to discredit lay witness testimony). First, as discussed below, Plaintiff's atrial fibrillation-related symptoms were controlled by medication under the care of Dr. Crone in 2007; Ms. Nieuwendrop's testimony is dated August 4, 2006. Tr. 164, 284. Ms. Nieuwendrop's testimony regarding Plaintiff's heart condition was thus contradicted by more recent evidence in the record from a treating physician.

Ms. Nieuwendrop also stated that Plaintiff has difficulty with memory and concentration when under stress. Tr. 162. To the extent that this statement alleges a mental functional

limitation, it is inconsistent with the medical opinion of Dr. Stoltzfus, who did not assess any

mental limitations in concentration or memory, and estimated Plaintiff's intellectual functioning

as "above average." Tr. 234; *see Bayliss,* 427 F.3d at 1218. The ALJ thus had germane reasons

for rejecting Ms. Nieuwendrop's lay testimony and should be affirmed.

**RFC Assessment of Stress-related Limitations**

Plaintiff also alleges that the ALJ erred by failing to include the functional limitation that

she "avoid stress" in the RFC assessment. The "RFC assessment considers only functional

limitations and restrictions that result from an individual's medically determinable impairment or

combination of impairments, including the impact of any related symptoms." SSR 96–8p(2)

(emphasis added); *see also* 42 U.S.C. § 423(d)(3); 20 C.F.R. § 404.1528(b)-(c). The ALJ does

not need to prepare "a function-by-function analysis for medical conditions or impairments that

the ALJ found neither credible nor supported by the record." *Bayliss v. Barnhart*, 427 F.3d 1211,

1217 (9th Cir. 2005).

Consultative examining physician Minhao Zhou, M.D., opined in 2006 that Plaintiff

could perform light work but should avoid "strenuous activity or stress" due to her atrial

fibrillation. Tr. 235-240. Plaintiff argues that Dr. Zhou's opinion is evidence that she must avoid

*mental* stress, and that a corresponding functional limitation should have been incorporated into

the RFC.

The ALJ did not err by excluding specific functional limitations to avoid mental stress,

because Plaintiff's atrial fibrillation improved with medication in 2007. In his assessment of

Plaintiff's RFC, the ALJ credited the opinion of treating physician Dr. Richard Crone, who

opined Plaintiff's atrial fibrillation medication at the time of Dr. Zhou's assessment was

"clearly...not working." Tr. 277. Dr. Crone changed Plaintiff's medication in 2007, resulting in

"much better control[]" of Plaintiff's atrial fibrillation and "a normal functional structural assessment of [Plaintiff's] heart." Tr. 284. In 2008, Dr. Crone opined that there were "no significant recurrences of [Plaintiff's] atrial fibrillation" and that Plaintiff was asymptomatic. Tr. 285.

On this record, the ALJ reasonably concluded the "absence of further follow up suggest[ed]" that Plaintiff had continued success with treatment of her heart condition. Tr. 20. The ALJ's RFC assessment thus properly accounted for the extent of Plaintiff's atrial fibrillation-related limitations because the opinion of a more recent, treating physician indicated that Plaintiff's heart condition was well-controlled by medication. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (as a general rule, more weight should be given to the opinion of a treating source than to non-treating doctors); *see also Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2000) ("[a] treating physician's most recent medical reports are highly probative"). In assessing Plaintiff's RFC, the ALJ considered all extant functional limitations related to Plaintiff's atrial fibrillation assessed by the state agency physicians, Tr. 257, 259, and concluded that Plaintiff was capable of light exertion work with postural and environmental restrictions. Tr. 19.

**RFC Assessment of Cognitive Limitations**

Plaintiff alleges, further, that the ALJ erred by failing to consider the cognitive limitations imposed by Plaintiff's "palpitations and dizziness, and fatigue." Pl. Br. 9. Although Plaintiff argues it is "fair to conclude" that Plaintiff experiences a "cognitive effect" in addition to the physical limitations identified by the state agency physicians, Pl. Br. 8, she does not point to any support for this contention in the record, and this Court can find none. The ALJ thus provided a reasonable interpretation of the evidence in the record regarding Plaintiff's cognitive

limitations, which the court will not disturb. *Burch*, 400 F.3d at 679 (if the evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld).

In sum, the ALJ adequately discussed the reasons underlying his RFC assessment, and addressed and resolved conflicts and ambiguities in the medical record and other record evidence in a manner sufficient to meet the requirements of SSR 96–8p. *See SweeneyEmanuel v. Astrue*, Civil No. 3:11–cv–00962–JE, 2012 WL 5996932, at *15 (D.Or. Nov. 1, 2012). The Court finds the ALJ properly weighed the evidence, gave sufficient justification for his findings regarding Plaintiff's functional abilities, and that there is substantial evidence in the record supporting the ALJ's conclusions. Thus, the ALJ's RFC should be affirmed.

## RECOMMENDATION

The ALJ properly performed the RFC assessment and provided legally sufficient reasons for discrediting the testimony from Plaintiff and Ms. Nieuwendrop. Thus, the decision that Plaintiff is not disabled is supported by substantial evidence in the record and should be AFFIRMED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. **Objections to this Report and Recommendation, if any, are due no later than fourteen (14) days from today's date. If objections are filed, any response is due fourteen (14) days from the date of the objections.** *See* Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 17th day of May, 2013.

_____
Mark D. Clarke
United States Magistrate Judge